Cianfano v Angelina's Ristorante & Brick Oven Pizza (2018 NY Slip Op 03327)





Cianfano v Angelina's Ristorante & Brick Oven Pizza


2018 NY Slip Op 03327


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


6489 25081/14E

[*1]Alfredo Cianfano, Plaintiff-Appellant,
v
Angelina's Ristorante & Brick Oven Pizza, et al., Defendants, Angelina's of Tuckahoe Inc., Defendant-Respondent.


Michael Konopka & Associates, P.C., New York (Michael Konopka of counsel), for appellant.
Law Office of James J. Toomey, New York (Jason Meneses of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered December 5, 2017, which granted the motion of defendant Angelina's of Tuckahoe Inc. (Angelina's) for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
Plaintiff pedestrian was injured when, while crossing the street, he was struck by a vehicle driven by defendant Elvis Ramirez, who worked as a delivery person for Angelina's. The court properly found that Angelina's established its entitlement to judgment as a matter of law by showing that Ramirez was not acting within the scope of his employment at the time of the accident. Both Ramirez and of an owner of Angelina's testified that at the time of the accident, Ramirez was not going to or returning from a delivery, as he was on his way home, and had no food in the car (see Weimer v Food Merchants , 284 AD2d 190 [1st Dept 2001]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's argument that Ramirez was acting within the scope of his employment because he turned left rather than right to head home, is unavailing since Ramirez testified that he used a variety of routes to travel home.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK